T. A. MEYSENBURG, TRUSTEE OF B. N. STEINBERG, Plaintiff in
Error, *v.* C. W. SCHLIEPER AND CHARLES BORG, Defendants
in Error.

1. *Mortgages — Encumbrances — Injunction.* — An encumbrancer has no right
to enjoin the sale of the property under a prior encumbrance, unless he is
ready and offers to pay off the prior encumbrance in full; more especially
when the property is depreciating in value.

### Error to St. Louis Circuit Court.

*Beal*, for plaintiff in error.

*Woerner & Kehr*, for defendants in error.

After obtaining the injunction, plaintiff failed to redeem or
apply for the appointment of a receiver. For that reason alone,
if for no other, the injunction was property dissolved. (Hill.
on Injunc. 122, § 127.)

BLISS, Judge, delivered the opinion of the court.

Martin Windeck and F. Lubering, as owners of the Benton
brewery and the personal property used in running it, conveyed
the same to defendant Borg, as trustee, to secure four promis-
sory notes for $1,750 each, dated May 28, 1867, and payable in
one, two, three, and four years to defendant Schlieper, with
interest annually. The deed provided that the property should
be kept insured, the improvements kept up, taxes paid, etc.; and
in default, among other things, of so keeping it insured or in
any payment of principal or interest, the trustee should have the
right to sell and pay the whole indebtedness. Previous to this
deed, another trust deed had been given to one Barth, but
covering only the real estate embraced in the record; and sub-
sequently to it, the said Windeck, as owner of one-half the
property, executed a trust deed to the plaintiff. Windeck and
Lubering failing to make their payments, Barth, who held the
first lien, sold the real estate, and, after paying the indebtedness
due his beneficiary, held a surplus of $3,719 to apply upon
the notes belonging to Schlieper; but this sum was not offered

him until his trustee had advertised for sale the personal property embraced in the deed, upon default in the payment. of the first note and accumulated interest, and in insuring the property for the benefit of the creditor. After it was so advertised, the $3,719 and the policy of insurance upon the personal property were tendered to defendant Schlieper, who declined to receive them, and the plaintiff at once filed his petition for an injunction against the sale of the property. Several things are set out in the petition that are contradicted by the evidence; but enough remains to raise the questions whether the plaintiffs have any such interest as to authorize their interference, and also whether the defendants can be enjoined from proceeding with the sale.

The equity, as originally made in the petition, was a clear one, for it charges that defendant Schlieper refuses to receive the surplus from the first sale; that the petitioner desires to pay him his whole claim, in order to extinguish his lien upon the property and let in that of this petitioner; and asks for an account, and that he be permitted to redeem; and avers that defendant, for the purpose of sacrificing the property and buying it in at a nominal price, refuses to receive his pay, and insists upon selling the property under his mortgage. The answer denies any such purpose; expresses a desire to obtain the surplus from the former sale and the balance of the indebtedness; asks that the petitioner be required to pay it, as he claims to be willing to do, and offers to assign or release upon its receipt. The answer also shows that the personal property left is depreciating in value and is worth less than the claim of defendant, and sets up the facts upon which a right to sell is based.

The case was heard upon motion to dissolve the injunction, when it was proved that the property had been uninsured for more than a year; but that after the advertisement for the sale, and just before the injunction was allowed, an insurance was effected, and the policy tendered to Schlieper; that the first note and a year's interest on the whole were overdue; that the property was already worth less than the debt, and was constantly depreciating; that Schlieper offered to transfer his security and assign the notes to the subsequent encumbrancer upon payment of the amount due,

which offer was declined; and that his security covers horses and some other property not embraced in the trust deed to plaintiff. It also appears that Barth, the trustee under the first deed, brought the surplus into court and was directed to pay it over to the clerk, who afterward was ordered to pay it to Schlieper.

Under the circumstances, it is clear that the subsequent mortgagee has no interest in preventing the sale. It is not disputed that the property is depreciating, and that it is already worth less than the debt due the defendant. The plaintiff abandons his proposition to redeem, and only asks to hinder the sale. He has no interest in this his ostensible object, but, on the other hand, his interest as mortgagee, if affected at all, would be promoted by a speedy sale before any further depreciation. His zeal in the premises against his own interest indicates that the mortgagor may be working under and through him to retain longer possession of the property. The court did right, then, after he refused to redeem, in dissolving the injunction and dismissing the petition, even without considering the right of the previous creditor to sell.

Its judgment should therefore be affirmed. The other judges concur.